IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEWITT LAVON THOMAS, et al.** | * | |
| **Plaintiffs,** | * | |
| v. | * | Case No.: CCB-03-488 |
| **OFFICER KEITH GLADSTONE, et al.** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT KEITH GLADSTONE'S ANSWER TO COMPLAINT

Defendant, Keith Gladstone, Defendant, hereby answers the Complaint of Plaintiffs and states his affirmative defenses as follows:

1. To the extent that Defendant is required to answer Paragraph 1, Defendant denies the factual and legal allegations contained therein.

2. No answer is required.

3. No answer is required.

4. Upon information and belief, admitted.

5. Defendant lacks the knowledge and information sufficient to form a belief as to the allegation contained in Paragraph 5 of the Complaint.

6. Defendant Gladstone believes that the allegations contained in Paragraph 6 are correct.

7. Defendant admits that he was and is an employee of the Baltimore Police Department.  As to the remainder of Paragraph 7, Defendant denies the factual and legal allegations contained therein.

1

8. Upon information and belief, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Although Defendant denies the existence of any entity known as the BCPD, he does admit he was working as an employee of the Baltimore Police Department as well as the remaining allegations contained in Paragraph 9.

10. Defendant admits that Plaintiff was leaving 2512 E. Monument Street. Defendant is without knowledge or belief as to the remaining allegations contained in Paragraph 10.

11. Defendant admits Police Officers were questioning other persons, but denies the remaining allegations contained in Paragraph 11.

12. Denied.

13. Admit.

14. Denied.

15. Defendant Gladstone admits that Plaintiff had mug shots and fingerprints taken consistent with normal Department of Corrections Procedures, but denies the remaining allegations in Paragraph 15.

16. Denied.

17. Denied as to Plaintiff's factual allegations, no answer is required as to the balance of the Plaintiff, as it contains Plaintiff's prayer for damages and other relief.

18. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

19. Defendant lacks the knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19.

20. Denied.

21. Denied as to Plaintiff's factual allegations, no answer is required as to the balance of the Plaintiff, as it contains Plaintiff's prayer for damages and other relief.

22. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

23. Admit.

24. Denied.

25. Denied.

26. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

27. No answer is required as to this paragraph as it applies to another Defendant in the case.

28. To the extent that Defendant is required to answer the allegations in this paragraph, Defendant denies that any actions on his part caused any Defendant to breach any duty owed to any person or persons.

29. Denied.

30. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

31. Denied.

32. Defendant admits that the charges against Plaintiff were either nolle pros or placed on the stet docket, but he cannot recall which.

33. Denied.

34. Denied.

35. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

36. Denied.

37. Denied.

38. Denied.

39. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

40. Defendant lacks the knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 39.

41. Denied.

42. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

49. Denied.

50. Denied.

51. Denied.

52. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

53. Defendant admits to using reasonable force in striking Plaintiff once with a police department issued expandable baton, but denies the remaining allegations contained in Paragraph 53.

54. Denied.

55. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

56. Denied

57. Denied

58. Denied

59. Denied

60. Denied.

61. Denied.

62. No answer is required as Defendant adopts and incorporates by reference all responses set forth above.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

### AFFIRMATIVE DEFENSES
### PRIMARY DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some, if not all, of the Plaintiffs' claims are barred by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to establish all or at least some of the elements required to establish a *prima facie* case of discrimination or unlawful retaliation.

### FOURTH AFFIRMATIVE DEFENSE

Failure to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

All or at least some of Plaintiffs' claim are time barred under the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are preempted.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has a legitimate, non-discriminatory and/or non-retaliatory reason in his treatment of the Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Some if not all of Plaintiffs' damages are caused by a third party over whom this Defendant has no power or control.

### NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and to correct promptly any harassing or discriminating behavior and/or Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Baltimore Police Department to otherwise avoid harm.


Respectfully submitted,

_____
Troy A. Priest
Brown, Diffenderffer & Kearney, LLP
Tide Building – Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-9500

Attorneys for Defendants Keith Gladstone

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April 2003, a copy of Defendant Keith Gladstone's Answer to Plaintiffs Complaint was mailed first-class, postage prepaid, to:

>Claudia Barber, Esquire
>Laurel Lakes Executive Park
>8325 Cherry Lane
>Laurel, Maryland 20707
>**Attorney for Plaintiffs**
>
>William R. Phelan, Jr., Esquire
>Principal Counsel
>Baltimore City Department of Law
>100 Holliday Street
>Baltimore, Maryland 21202
>**Attorney for Mayor and City Council of Baltimore**
>
>Ira J. Fine, Associate Legal Counsel
>Office of Legal Affairs
>Baltimore Police Department
>242 West 29th Street
>Baltimore, Maryland 21211
>**Attorney for the Baltimore City Police Department**

_____
Troy A. Priest